

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAUL SULAK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-700-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
## and
## ORDER

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Paul Sulak, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division, respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On September 24, 2015, in Tarrant County, Texas, Case Nos. 1348546D and 1348549D, a jury found petitioner guilty on two counts of sexual performance of a child under 14 years of age and one count of indecency with a child by contact and assessed his punishment at 17 years' confinement on each of the sexual-performance counts and six years' confinement on the indecency

count. (Clerk's R. 85, 91, 96, doc. 14-15.) Petitioner's convictions were affirmed on appeal and, on November 2, 2016, the Texas Court of Criminal Appeals refused his petitions for discretionary review. (Electronic R. 1, doc. 14-13.) Petitioner also sought post-conviction state habeas-corpus relief by filing two state habeas-corpus applications challenging his convictions on December 27, 2017, which were denied without written order on the findings of the trial court on September 26, 2018.[1] (SHR01 29 & Action Taken, docs. 14-23 & 14-29; SHR02 33 & Action Taken, docs. 14-30 & 14-37.[2]) Petitioner filed this federal habeas-corpus petition challenging his convictions on August 12, 2019.[3] (Pet. 10, doc. 3.) In three grounds for relief, petitioner claims that he received ineffective assistance of counsel at trial. (Id. at 6-7.) Respondent contends that the petition is untimely under the federal one-year statute of limitations. (Resp't's Answer 7-14, doc. 15.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year

---

[1] A prisoner's pro se state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state applications do not provide those dates; thus, the applications are considered filed on the dates they were signed by petitioner.

[2] "SHR01" and "SHR02" refer to the court records of petitioner's state habeas proceedings in WR-88,732-01 and WR-88,732-02, respectively.

[3] Similarly, a prisoner's pro se federal habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an petition created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed petition for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's judgments of conviction became final

3

upon expiration of the time that he had for filing a petition(s) for writ of certiorari in the United States Supreme Court on January 31, 2017. *See Jimenez v. Quarterman,* 555 U.S. 113, 119-20 (2009); SUP. CT. R. 13. Thus, the limitations period commenced the next day and expired one year later on January 31, 2018, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statutory provision, petitioner's state habeas applications, pending from December 27, 2017, through September 26, 2018, operated to toll limitations 274 days, making his federal petition due on or before November 1, 2018. Therefore, petitioner's federal petition filed on August 12, 2019, is untimely unless he is entitled to equitable tolling.

To justify equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). A petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence—

4

whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)). The petitioner bears the burden to establish that equitable tolling is justified. *Holland,* 560 U.S. 649.

Toward that end, petitioner asserts that he is actually innocent because he was diagnosed with post-traumatic stress disorder "before the time" of the offenses and, thus, should never have been prosecuted for the offenses. According to petitioner (all spelling, grammatical, and/or punctuation errors are in the original),

> "[t]he United States Constitution clearly states that a person or persons of unsound mind shall not be prosecuted. Basicly [petitioner] should have never been prosecuted in the first place because of his unsound mind. This is a right that is garunteed in the constution. So because he should have never been prosocuted he is actually innocent of the crimes he was convicted of.
>
> The argument here that [petitioner] is trying to make is that because he is a person of unsound mind he is actually innocent and actual innocence has no time bar on when he should be aloud to argue his case because he is actualy innocent due to having been found to be a person that is of unsound mind.
>
> This was the point that was made by showing that [petitioner] has a head injury from war and post traumatic stress disorder that is so bad that it causes him to halucinate. It is contrary to argue that a person can hallucinate from a major mental disorder and still be heald to be culpable.

5

> [Petitioner] is now at Skyview mental inpatient facility which is part of Texas Department of Criminal Justice. It is the same place that Andrea Yates went after she killed her children and laid them in bed like they were only sleeping.
>
> We would respectfully ask the Court to consider [petitioner] to be actually inocent at the time of the crime because he was insane at the time of the crime and over ride the time bar under actual innocence.

(Pet'r's Traverse 2-3, doc. 21.)

Although actual innocence, if proved, can overcome the statute of limitations, petitioner offers no new, reliable proof of his innocence. Petitioner's mental illness was known and available to him at the time of trial. Nor has he demonstrated that his mental illness prevented him from filing his petition in a timely manner. The Fifth Circuit has recognized the possibility that mental incompetency might support equitable tolling if the "mental impairment precluded the prisoner from effectively asserting his legal rights" in a timely manner. *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. 2001). However, it made clear "that a claim of incompetence does not automatically entitle a prisoner to equitable tolling." *Id.* (citing *Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999)); *see also Smith v. Kelly*, 301 F. App'x 375, 377, 2008 WL 5155222, at *2 (5th Cir. 2008) (noting that mental illness does not entitle a petitioner to equitable tolling as a matter of right). A "petitioner (i) must make a threshold showing of incompetence and (ii) must show

6

that this incompetence affected his ability to file a timely habeas petition[]." *Jones v. Stephens,* 541 F. App'x 499, 505 (5th Cir. 2013). He must also show that he diligently pursued federal habeas relief. *See Mathis v. Thaler,* 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland,* 560 U.S. at 649); *Smith,* 301 F. App'x at 378, 2008 WL 5155222, at *2 (citing *Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002)). Although petitioner's confinement in the Skyview unit, which houses mentally ill inmates, clearly indicates that he does, in fact, suffer from mental illness or impairment, he presents no evidence demonstrating that such condition rendered him unable to pursue his legal rights during the relevant time period. Thus, petitioner is not entitled to equitable tolling.

Accordingly, petitioner's federal petition was due on or before November 1, 2018. His petition filed on August 12, 2019, is therefore untimely.

For the reasons discussed, it is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this

7

court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED May __3__, 2020.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE